McGREGOR W. SCOTT
United States Attorney
LAUREL J. MONTOYA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>AUGUSTIN VALDOVINOS, ET AL.,<br><br>                    Defendants. | CASE NO.  1:19-CR-00242-NONE-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: September 21, 2020<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

    This case is set for status conference on September 21, 2020.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice.  This General Order was entered to address public health concerns related to COVID-19. Further, pursuant to General Order 611 and 620, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2020.[1]

    Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1

1    *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

2    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.*

3    at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

4    judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either

5    orally or in writing").

6         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7    and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial

8    emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

9    judge granted such continuance on the basis of his findings that the ends of justice served by taking such

10   action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

11   3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the

12   case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

13   such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

14        The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

15   18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

16   continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

17   discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

18   week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

19   764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

20   *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

21   exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

22   The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

23   by the statutory rules.

24        In light of the societal context created by the foregoing, this Court should consider the following

25   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26   justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

27   _____

28   [2] The parties note that General Order 612 acknowledges that a district judge may make
     "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
     Cal. March 18, 2020).

for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on September 21, 2020.

2.      By this stipulation, defendant now moves to continue the status conference until November 2, 2020, and to exclude time between September 21, 2020, and November 2, 2020, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes investigative reports and photographs.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying..  Defense counsel has requested additional discovery that the government needs to look in to and additional time is needed.

b)      Counsel for defendants desire additional time to review discovery, conduct investigation, and engage in plea negotiations.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government agrees with the continuance request and does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 21, 2020 to November

2, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

McGREGOR W. SCOTT
United States Attorney

Dated:  September 16, 2020            /s/ LAUREL J. MONTOYA
                                     LAUREL J. MONTOYA
                                     Assistant United States Attorney

Dated:  September 16, 2020            /s/ MICHAEL AED
                                     MICHAEL AED
                                     Counsel for Defendant
                                     AUGUSTIN VALDOVINOS.

Dated: September 16, 2020            /s/ DAVID TORRES
                                     DAVID TORRES
                                     Counsel for Defendant
                                     ESTABAN DIAZ-SOTO

Dated: September 16, 2020            /s/ DANIEL HARRALSON
                                     DANIEL HARRALSON
                                     Counsel for Defendant
                                     CHRISTOPHER GREEK

Dated: September 16, 2020            /s/ MARK BROUGHTON
                                     MARK BROUGHTON
                                     Counsel for Defendant
                                     DANIEL VELASQUEZ

## FINDINGS AND ORDER

IT IS SO ORDERED.

Dated:   **September 16, 2020**            /s/ Sheila K. Oberto
                                     UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28