PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00238-JLT-SKO |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| KENNETH BASH, KENNETH JOHNSON, FRANCIS CLEMENT, BRANDON BANNICK, JUSTIN GRAY, DEREK SMITH, MARLON PALMER, SAMANTHA BOOTH, and AMANDA GOURLEY, | DATE: December 7, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |
| Defendants. | |

This case is set for status conference on December 7, 2022. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020, continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on December 7, 2022.

2. By this stipulation, defendants now move to continue the status conference until January 18, 2023, and to exclude time between December 7, 2022, and January 18, 2023, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. Defendants request to appear for the status conference in person and zoom, as a hybrid appearance.

4. The parties agree and stipulate, and request that the Court find the following:

   a) Since the last status conference, a Superseding Indictment has been filed which added newly charged defendants as well as new charges.

   b) The government has represented that the discovery associated with this case includes reports, photographs, and audio files and is voluminous. This discovery has been either produced directly to counsel and/or made available for inspection and copying, and the production of or availability of more discovery is anticipated.

   c) Defendants Clement, Johnson, and Bannick have filed a Motion for Order Re Specific Discovery, and a motion hearing has been calendared for December 21, 2022.

   d) Counsel for defendants desire additional time to further review discovery, discuss potential resolution with defendants and the government, and investigate and prepare for trial.

   e) Counsel for defendants believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

      f)      The government does not object to the continuance.

      g)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 7, 2022 to January 18, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

      i)      The parties also agree that this continuance is necessary for several reasons, including but not limited to, the need to permit time for the parties to exchange supplemental discovery, engage in plea negotiations, and for the defense to continue its investigation and preparation, pursuant to 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv).

5.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  November 30, 2022                        PHILLIP A. TALBERT
                                                        United States Attorney

                                                        /s/ STEPHANIE M. STOKMAN
                                                        STEPHANIE M. STOKMAN
                                                        Assistant United States Attorney

Dated:  November 30, 2022                        /s/ W. SCOTT QUINLAN
                                                     W. SCOTT QUINLAN
                                                     Counsel for Defendant
                                                       KENNETH BASH

| | |
|---|---|
| Dated: November 30, 2022 | /s/ ANDREA L. LUEM |
| | /s/ RYAN VILLA |
| | ANDREA L. LUEM |
| | RYAN VILLA |
| | Counsel for Defendant |
| | KENNETH JOHNSON |
| | |
| Dated: November 30, 2022 | /s/ ALEKXIA TORRES STALLINGS |
| | ALEKXIA TORRES STALLINGS |
| | Counsel for Defendant |
| | MARLON PALMER |
| | |
| Dated: November 30, 2022 | /s/ MONICA BERMUDEZ |
| | MONICA BERMUDEZ |
| | Counsel for Defendant |
| | SAMANTHA BOOTH |
| | |
| Dated: November 30, 2022 | /s/ STEVE CRAWFORD |
| | STEVE CRAWFORD |
| | Counsel for Defendant |
| | AMANDA GOURLEY |
| | |
| Dated: November 30, 2022 | /s/ ALAN DRESSLER |
| | ALAN DRESSLER |
| | Counsel for Defendant |
| | DEREK SMITH |
| | |
| Dated: November 30, 2022 | /s/ IVETTE AMELBURU MANINGO |
| | /s/ AMY E. JACKS |
| | IVETTE AMELBURU MANINGO |
| | AMY E. JACKS |
| | Counsel for Defendant |
| | BRANDON BANNICK |

Dated:  November 30, 2022

/s/ JAMES CASTLE
/s/ JANE FISHER-BYRIALSEN
JAMES CASTLE
JANE FISHER-BYRIALSEN
Counsel for Defendant
FRANCIS CLEMENT

Dated:  November 30, 2022

/s/ JAMES S. THOMSON
JAMES S. THOMSON
Counsel for Defendant
JUSTIN GRAY

**ORDER**

The parties' stipulation to continue the status conference to January 18, 2023, is granted. The hearing shall be held via the Zoom Application.

IT IS SO ORDERED.

Dated:  **December 2, 2022**               /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE